**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernard Nathaniel DAVIS,
Defendant–Appellant.**

No. 88–3795.

United States Court of Appeals,
Eleventh Circuit.

Aug. 7, 1989.

Daniel Vogt, Tallahassee, Fla., for defendant-appellant.

Kenneth W. Sukhia, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and PITTMAN *, Senior District Judge.

TJOFLAT, Circuit Judge:

## I.

On June 15, 1988, a grand jury charged appellant Bernard Nathaniel Davis for possession of more than fifty grams of "crack" cocaine base with intent to distribute in violation of 21 U.S.C. § 841 (1982 & Supp. IV 1986), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 921 and 922 (1982 & Supp. V 1987). On July 11, 1988, appellant pled guilty to the narcotics charge pursuant to a plea agreement; the firearms charge was dropped. Because appellant's offense occurred after November 1, 1987, the sentencing guidelines promulgated by the United States Sentencing Commission controlled his sentence. *See United States v. Burgess*, 858 F.2d 1512, 1514 (11th Cir. 1988). Those guidelines provide in pertinent part as follows:

### Career Offender

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

| Offense Statutory Maximum | Offense Level |
|---|---|
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 years or more, but less than 25 years | 32 |
| (D) 15 years or more, but less than 20 years | 29 |
| (E) 10 years or more, but less than 15 years | 24 |
| (F) 5 years or more, but less than 10 years | 17 |
| (G) More than 1 year, but less than 5 years | 12 |

Sentencing Guidelines § 4B1.1 (Jan. 15, 1988).[1] Because appellant was over eigh-

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. In determining appellant's offense level, the probation officer's presentence report looked first to Sentencing Guidelines § 2D1.1 (Oct. 1987), which governs sentences for possession of narcotics with the intent to distribute. Because appellant's offense involved approximately 62 grams of cocaine base, his base offense level was 32. The report then increased the base offense level by 2 levels to reflect that a loaded shotgun and pistol were found in appellant's residence. *See id.* § 2D1.1(b). Because appellant fled from his home when confronted by police officers, the probation officer also increased appellant's offense level by 2 levels for obstruction of justice. *See id.* § 3C1.1. Finally, the report decreased appellant's offense level to reflect his acceptance of responsibility. *See id.* § 3E1.1(a) (Jan. 15, 1988). All told, appellant's total offense level was calculated at 34.

After reviewing the presentence report, the appellant objected to the 2 level increase for possession of a weapon, contending that he did not possess the firearms during the commission of his offense. The district court evidently felt it unnecessary to resolve this issue at the sentencing hearing because the career offender enhancement rendered the issue moot. Although we conclude this in fact was the case, we note that the better approach would have been for the court to go through the guidelines step by step, resolving all disputed issues. *See id.* § 1B1.1. Such a procedure, though increasing the length of the sentencing hearing, ultimately promotes judicial economy by preventing unnecessary remands. For example, should we have concluded in this case that the district court erred in determining appellant to be a career offender, we would have had to remand

teen at the time of the instant offense, which was a controlled substance violation, the applicability of guideline 4B1.1 to appellant's case hinged on the third element of the definition of a career offender: that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See id.*

An examination of appellant's criminal history revealed two prior felony convictions: the first for burglary of a dwelling, *see* Fla.Stat. § 810.02(3) (1987);[2] the second for possession of cocaine, *see id.* §§ 893.03, 893.13(1)(e) (1987). Relying on these convictions, the district court concluded that appellant met the criteria for a career offender. The maximum sentence for appellant's violation of 21 U.S.C. § 841 being life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (Supp. IV 1986), the district court determined that appellant's total offense level was 37 and that appellant's guideline sentencing range was from thirty years to life imprisonment. *See* Sentencing Guidelines Ch. 5, Part A table (Oct. 1987) (offense level 37, criminal history category VI). The district court opted for the minimum guideline period, sentencing appellant to thirty years imprisonment.

Appellant now challenges the district court's determination that he was a career offender under guideline 4B1.1. We affirm.

II.

Appellant contends that the district court erred in concluding that his conviction for burglary of a dwelling was a crime of violence. As used in the sentencing guidelines, the term "crime of violence" is defined by 18 U.S.C. § 16 (Supp. V 1987). *See* Sentencing Guidelines § 4B1.2(1) (Jan. 15, 1988). That statute provides as follows:

§ 16. **Crime of violence defined**

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In construing this statute, the district court relied primarily on section 16(a) in determining that appellant's burglary was a crime of violence; the court, however, also noted that appellant's burglary of a dwelling created a substantial risk of physical force, and thus implicitly concluded that section 16(b) encompassed appellant's offense as well.[3] We affirm on this latter

---

this case for the district court to resolve the parties' dispute concerning the firearms. Had the district court resolved this question at the sentencing hearing, the court would have had an alternative sentencing disposition based on the offender's total offense level that we could review.

**2.** That statute provides as follows: '

**810.02  Burglary.—**

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.-084, if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person.

(b) Is armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon.

(3) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla.Stat. § 810.02 (1987).

**3.** In ruling on this question, the court stated as follows:

You raised a question in your letter [to the probation officer] about why a burglary of a dwelling should be considered a crime of vio-

basis.[4]

The commentary to guideline 4B1.1 specifically recognizes that the burglary of a dwelling constitutes a crime of violence. *See* Sentencing Guidelines § 4B1.1 application note 1 (Jan. 15, 1988). We believe that this conclusion is well founded. As the Model Penal Code observes:

> [A burglar's] intrusion [into a dwelling] for any criminal purpose creates elements of alarm and danger to persons who may be present in a place where they should be entitled to freedom from intrusion. Their perception of alarm and danger, moreover, will not depend on the particular purpose of the intruder. The fact that he may be contemplating a minor offense will be no solace to those who may reasonably fear the worst and who may react with measures that may well escalate the criminal purposes of the intruder.

Model Penal Code § 221.1 comment 3(c), at 75 (1980). In accord with common law tradition and the settled law of the federal circuits, we conclude that the burglary of a dwelling by its nature creates a substantial risk of physical force. *See United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989) ("No one has doubted for decades that *residential* burglary is a 'violent' offense, because of the potential mayhem if burglar encounters resident."). The district court, therefore, did not err in concluding that appellant's conviction for burglary of a

dwelling constituted a crime of violence for purposes of Sentencing Guidelines § 4B1.1. *See United States v. Flores*, 875 F.2d 1110, 1111–13 (5th Cir.1989); *Pinto*, 875 F.2d at 144.

## III.

Appellant's conviction is therefore AFFIRMED.

---

lence, whereas a burglary of a—another type building would not be. And, of course, it doesn't make a difference. And—and it's one of those that is highlighted in the commentary to the sentencing guidelines. And I—it does make some sense to me, because burglary of a—of a store building, a warehouse, a mercantile establishment would not ordinarily involve the prospect of someone being in the building. And, therefore, the risk of—of confronting another human being in that building, which the Defendant would have gained entry to illegally, would not be there. But in a—in a dwelling burglary, of course, involves stealth and illegal entry, I suppose any time of the day or night, but with the anticipation of someone being there. The—*certainly risk is there. And I could justify it in my mind on that basis, that the—a dwelling, a burglary, someone gaining illegal entry into a dwelling could pretty well believe that it might be occupied.*

(Emphasis added.)

4. Appellant argues that because the use of force against a person is not an element of Fla.Stat. § 810.02(3), it does not constitute a crime of violence under 18 U.S.C. § 16(a). We need not resolve this question since we conclude that appellant's offense constituted a crime of violence under section 16(b). Nevertheless, we note that section 16(a) encompasses not only offenses involving the use of force against persons, but also those offenses involving the use of force against property—an inherent element of the common law offense of burglary. *See* W. LaFave & A. Scott, Substantive Criminal Law § 8.13(a) (1986). The Florida burglary law incorporates this offense element by excusing entry into properties open to the public and licensed entries onto property. *See* Fla.Stat. § 810.02(1) (1987).