940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon BURDEN, Defendant-Appellant.
 No. 91-5376.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1991.
Decided Aug. 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-90-43-3-CR)
 Larry J. McLothlin, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Robert E. Skiver, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Leon Burden pleaded guilty to distribution of 1.5 grams of cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. Secs. 841(a)(1) and 845a. Burden was determined to be a career criminal, with a mandatory criminal history category of VI. His offense level of 32, coupled with his criminal history category, dictated a sentence of 210-262 months. Burden was sentenced to imprisonment of 210 months. The only issue raised on appeal is whether Burden was correctly determined to be a career criminal under the Sentencing Guidelines. Because we hold that his prior North Carolina convictions for breaking and entering and larceny were properly treated as crimes of violence under U.S.S.G. Sec. 4B2.1, we affirm the conviction.
 
 
 2
 Under U.S.S.G. Sec. 4B1.1, a defendant who is determined to be a career offender is assigned a criminal history category of VI. One is a career offender if (1) he was at least 18 when he committed the instant offense; (2) that offense was a felony and a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In this case, Burden was 23 when he distributed cocaine, and the offense is a felony and a controlled substance offense. Additionally, he had three prior felony convictions in North Carolina of breaking and entering and larceny, arising from three separate incidents.
 
 
 3
 Because those state offenses constituted burglaries of dwellings, as that term has been interpreted by the courts, Burden's convictions qualify as crimes of violence under U.S.S.G. Sec. 4B1.2(1)(ii). See United States v. Cruz, 882 F.2d 922, 923 (5th Cir.1989); United States v. Davis, 881 F.2d 973, 976 (11th Cir.1989), cert. denied, 58 U.S.L.W. 3428 (U.S.1990); United States v. Pinto, 875 F.2d 143, 144 (7th Cir.1989). Further, as those cases were decided before Burden's cocaine offense, we reject his argument that construing his North Carolina convictions as burglaries violates fundamental fairness.
 
 
 4
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.