83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason E. POWERS, Defendant-Appellant.
 No. 95-2500.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.
Decided April 23, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jason Powers pleaded guilty to one count of unlawful possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(a)(2). The district court sentenced Powers to a 77-month term of imprisonment to be followed by a three-year term of supervised release. Powers' counsel filed a timely notice of appeal. On appeal, Powers' counsel also filed a motion to withdraw and an Anders brief in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Powers was informed of his right to respond; he did not. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Our independent review of the record reveals that there are no issues for appeal that can be considered non-frivolous.
 
 I. Issues concerning the Plea Agreement
 
 2
 Having reviewed the plea agreement and the transcript of the plea hearing, we conclude that any challenge to the voluntariness of the guilty plea would be groundless and therefore frivolous.
 
 
 3
 Powers' guilty plea, for the most part, satisfies the requirements of Fed.R.Crim.P. 11. A plea hearing was held on March 13, 1995. The district court ensured that Powers understood and signed the plea agreement. (R. 59 at 10.) The district court asked Powers whether there were any threats or promises outside the plea agreement itself which caused him to enter into the plea agreement. Powers responded that there were not. Id. at 12. Powers stated that he understood the nature of the charge to which he was pleading guilty (being a felon in possession of a firearm), and that he was aware of the maximum sentence, ten years in prison. Id. at 11-12, 16-17. The district court informed Powers that in the event the government's sentencing recommendation was not accepted, he would still be bound by his plea agreement. Id. at 11. Powers was informed that he had a right to plead not guilty, a right to a trial by judge or jury, a right to assistance of counsel, a right to subpoena witnesses to testify on his behalf and a right to cross-examine witnesses presented by the government, and a right against self-incrimination. Id. at 17-19. Powers was then told that by pleading guilty, he was giving up these rights. Id. at 19.
 
 
 4
 The government recited the factual basis for the plea.[1] Id. at 20-21. Powers stated that the factual basis was accurate. Id. at 23-26. The district court established that Powers was not under the influence of drugs or alcohol at the time of the hearing. Id. at 26. The court also ensured that Powers fully discussed his plea with his attorney. Id. at 26-27. The district court then accepted the plea.
 
 
 5
 Powers might argue that by failing to advise him of the effect of supervised release on his sentence, the district court did not comply with Fed.R.Crim.P. 11(c)(1). " 'As a rule, noncompliance with Rule 11 constitutes reversible error....' " United States v. Bennett, 990 F.2d 998, 1004 (7th Cir.1993) (quoting United States v. Peden, 872 F.2d 1303, 1306 (7th Cir.1989)). However, Rule 11 contains a harmless error exception: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).
 
 
 6
 As we held in United States v. Saenz, 969 F.2d 294 (7th Cir.1992):
 
 
 7
 "[If,] during the plea colloquy, the court complies with Rule 11(c)(1) to the extent of informing the defendant and determining his understanding of, inter alia, the maximum penalty under the statute but fails entirely to inform the defendant and explain the effect of any supervised release term--and the defendant's sentence in fact includes supervised release, the error does not necessarily mandate reversing the conviction and vacating the sentence, assuming the aggregate maximum period of incarceration under the actual sentence of imprisonment and supervised release cannot exceed the statutory maximum explained to the defendant."
 
 
 8
 Id. at 297 (quoting United States v. Bachynsky, 934 F.2d 1349, 1360-61 (5th Cir.), cert. denied, 502 U.S. 951 (1991)). The district court informed Powers that the offense of conviction carried a ten-year statutory maximum. Since Powers' aggregate maximum period of incarceration--his 77-month prison sentence (which translates to six-years and five-months) plus his three-year term of supervised release--does not exceed the ten-year maximum, the district court's failure to inform him of the effect of supervised release was harmless error.
 
 
 9
 Powers might also claim noncompliance with Rule 11 for the district court's failure to specifically inform him of the application of the guidelines at sentencing, as required by Fed.R.Crim.P. 11(c)(1). At the plea hearing, there was some discussion of the guidelines. Indeed, Powers himself correctly stated that he would be subject to a base offense level of 24 for his crime. (R. 59 at 6.) Additionally, the plea agreement, which Powers reviewed with his attorney, provided that any sentence imposed by the court would be pursuant to the guidelines. (R. 37 at 2.) Since Powers was aware of the application of the guidelines, the district court's error was harmless.
 
 
 10
 Finally, Powers could contend that he was not advised that his answers to the questions asked by the district court at the plea hearing could be used against him later on in a prosecution for perjury or false statement, as required by Rule 11(c)(5). However, "a court's failure to so advise is an insufficient basis to attack a plea absent a threat of prosecution for perjury or some other showing of prejudice." United States v. Gomez-Cuevas, 917 F.2d 1521 (10th Cir.1990). The government has not threatened Powers with perjury. This failure by the district court did not prejudice Powers.
 
 II. Sentencing Issues
 
 11
 Appellate review of a sentence imposed under the guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of the incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is not guideline. 18 U.S.C. § 3742(a)(1)-(4). Hence, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991). To establish whether Powers' sentence meets any of the criteria of review, we must first decide whether he was sentenced in compliance with the United States Sentencing Guidelines.
 
 A. Application of Sentencing Guidelines
 
 12
 Our independent review reveals that the guidelines were correctly applied in Powers' case. Powers pleaded guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924. Since he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (he was convicted of burglary of a dwelling and sale of marijuana), pursuant to U.S.S.G. § 2K2.1(a)(2) Powers' base offense level was 24. As a result of his acceptance of responsibility, Powers received an aggregate 3-point reduction pursuant to U.S.S.G. § 3E1.1(a) and (b)(2). Powers' total offense level was therefore 21 points. The presentence investigation report ("PSR") calculated Powers' total criminal history points to be 15, resulting in a criminal history category of VI. Based on an offense level of 21 and a criminal history category of VI, Powers' applicable guideline range was 77 to 96 months. Powers was sentenced, at the bottom end of the range, to a term of 77 months' imprisonment.
 
 
 13
 As counsel notes in his Anders brief, Powers might challenge the district court's decision not to depart downward under U.S.S.G. § 5K2.0. Such a claim, however, would be without merit.
 
 
 14
 Powers pleaded guilty to unlawful possession of a firearm and, therefore, was subject to sentencing under U.S.S.G. § 2K2.1. Section 2K2.1(a)(2) provides a base offense level of 24 "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense...." As stated above, Powers had two prior felony convictions. One was a controlled substance offense--distribution of marijuana. The district court found that the other conviction, the burglary of a dwelling, qualified as a crime of violence.
 
 
 15
 The commentary accompanying § 2K2.1 points to U.S.S.G. § 4B1.2 for the definition of the term "crime of violence." Section 4B1.2(1) provides:
 
 
 16
 The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 17
 U.S.S.G. § 4B1.2(1) (emphasis added). Powers was convicted in Florida state court for burglary of a dwelling, Fl.Stat. § 810.02(3)(b), which is a second degree felony punishable by fifteen-years' imprisonment, Fl.Stat. § 775.082(3)(c). Clearly, Powers' conviction for burglary of a dwelling was properly considered a crime of violence for the purposes of § 2K2.1(a)(2).
 
 
 18
 Powers might argue, as he did at sentencing, that in perpetrating the burglary of the dwelling, he never intended to commit any acts of violence and, hence, a downward departure was warranted under § 5K2.0. Nonetheless, the guidelines consider a burglary of a dwelling to be a crime of violence regardless of the perpetrator's intent. This is because of the risk of violence inherent in every burglary of a dwelling--the risk that the resident of the dwelling might return before the thief leaves. See United States v. Davis, 881 F.2d 973, 976 (11th Cir.1989), cert. denied, 493 U.S. 1026 (1990). There being no basis for departure, Powers' claim would be without merit. See United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993) (A failure to depart is not appealable unless "the decision not to depart is the product of an erroneous belief that the judge lacked the authority to depart....").
 
 B. Compliance with Rule 32
 
 19
 We must also determine whether Powers was sentenced in compliance with Fed.R.Crim.P. 32. Rule 32 requires that the district court timely provide the defendant with a copy of the PSR and afford counsel an opportunity to state objections to the report and comment on matters relating to the sentence. Both Powers and his attorney received the PSR before sentencing. (R. 58 at 3.) Counsel reviewed the report with Powers. Id. At sentencing, counsel made an objection to the PSR's depiction of Power's criminal history. Specifically, counsel pointed out that the PSR made reference to an offense committed by some of Powers' former co-defendants which was related to a prior crime committed by Powers himself. Id. at 12. However, the district court pointed out that only Powers' prior criminal activity had been considered in calculating his criminal history points. Since the crimes of Powers' co-defendants were not a factor in the district court's determination of Powers' criminal history category, counsel properly agreed that no change in the PSR was necessary. Id. at 13.
 
 
 20
 We note that, as counsel points out, Powers was not advised of his right to appeal his sentence. This error, however, was harmless. Counsel's timely appeal has preserved Powers' right to appellate review.
 
 
 21
 Since there was no error of law or misapplication of guidelines, Powers' sentence does not meet any of the criteria for appellate review. Accordingly, any appeal of his sentence would be groundless.
 
 
 22
 For above stated reasons, counsel's motion to withdraw is GRANTED and Powers' appeal is DISMISSED.
 
 
 
 [1]
 The facts underlying Powers' charge of being a felon in possession of a firearm are as follows. On December 13, 1994, Powers checked into the Holiday Inn in Milwaukee, Wisconsin. After he checked out the next day, a maid went in to clean his room and found Powers' loaded AMT .45 caliber pistol in one of the drawers. Thereafter, Powers returned to his hotel room, telling hotel personnel that he had left something there. Joseph Zubriski had sold Powers this pistol in November of 1994. At the time of his possession of the pistol, Powers had been convicted of distribution of marijuana, a felony