**UNITED STATES of America, Appellee,**

v.

**JUVENILE G.Z., Appellant.**

**No. 97–4322.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1998.

Decided May 21, 1998.

---

5. "MOS" refers to "military occupational specialty."

Robert A. Christenson, Sioux Falls, SD, argued, for Appellant.

Julie . Irvine, Assistant U.S. Attorney, Sioux Falls, SD, argued, for Appellee.

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

The district court sentenced G.Z., a Native American juvenile, to probation and ordered restitution payments after G.Z. pleaded guilty to burglarizing an occupied dwelling. *See* 18 U.S.C. §§ 1153 & 5032 (1994); S.D. Codified Laws Ann. § 22–32–1 (1988). On appeal, G.Z. contends the district court improperly ordered full restitution without examining G.Z.'s financial resources. *See* 18 U.S.C. § 3663(a) (Supp. II 1996). G.Z. does not dispute he pleaded guilty to a crime of violence, and in these circumstances, restitution is mandatory, not discretionary. *See id.* § 3663A(a)-(c); *see also* U.S. Sentencing Guidelines Manual § 4B1.2(a) (1997); *United States v. Graham,* 982 F.2d 315, 316 (8th Cir.1992) (per curiam) (burglary of a dwelling is a crime of violence for sentence enhancement purposes). Thus, the district court was compelled to order full restitution without considering G.Z.'s economic circumstances. *See* 18 U.S.C. § 3664(f)(1)(A) (Supp. II 1996); *United States v. Williams,* 128 F.3d 1239, 1241 (8th Cir.1997). Although G.Z.'s plea agreement recommended the district court order restitution under § 3663, this section makes clear that discretionary restitution is not available for crimes of violence and § 3663A applies to these offenses. The district court applied the law correctly, and we affirm.