UNITED STATES of America, Appellee,

v.

**Jeffery GRAHAM, Appellant.**

No. 92–2703.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided Dec. 31, 1992.

William A. McLean, Little Rock, AR, argued, for appellant.

Patrick Harris, Little Rock, AR, argued (Charles A. Banks and Patrick Harris, on the brief) for appellee.

Before JOHN R. GIBSON, Circuit Judge, WOLLMAN, Circuit Judge, and BATTEY,* District Judge.

PER CURIAM.

Jeffery Graham appeals the fifty-seven-month prison sentence imposed on him by the district court[1] following his guilty plea to possessing with intent to distribute ten pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1). He argues the district court erred in holding him accountable for 100 pounds (45.36 kilograms) of marijuana, and setting his base offense level at 20 under U.S.S.G. § 2D1.1(c)(12) (at least 40 but less than 60 kilograms of marijuana). He also argues the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior conviction for burglaries of structures used as "weekend fishing retreats" was not a "crime of violence." We affirm.

We may overturn the district court's finding as to the amount of drugs attributable to Graham only if it is clearly erroneous. *See United States v. Schwarck,* 961 F.2d 121, 123 (8th Cir.1992). We conclude the district court did not clearly err in attributing 100 pounds of marijuana to Graham. Graham admitted to participating in a marijuana distribution network organized and led by Teddye Carter. Carter testified that between January and August 1991, he personally gave Graham over 100 pounds of marijuana, which Graham sold for him. He further testified that he typically gave Graham ten to twenty pounds at a time and that, on several occasions, Graham owed him more than $30,000 for the marijuana. *See United States v. Haren,* 952 F.2d 190, 200 (8th Cir.1991) (district court did not err in attributing two kilograms (4.4 pounds) of amphetamine to defendant where testimony revealed he often dealt in ounce and half-ounce amounts, sometimes received half-pound amounts, and once received two pounds). Although Carter and Graham gave conflicting testimony about the amount of marijuana Graham received, we conclude the district court did not clearly err in crediting Carter's testimony.

We also conclude the district court did not err in sentencing Graham as a career offender. "Burglary of a dwelling" is a crime of violence within the meaning of section 4B1.1. *United States v. Brunson,* 915 F.2d 392, 393 (8th Cir.1990) (per curiam), *cert. denied,* —— U.S. ——, 111 S.Ct. 1011, 112 L.Ed.2d 1093 (1991). A "dwelling" is a "building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." *Black's Law Dictionary* 505 (6th ed.1990). The structures used as shelters for weekend fishing retreats fall within this definition.

Accordingly, we affirm.

---

\* THE HONORABLE RIGHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable George Howard Jr., United States District Judge for the Eastern District of Arkansas.