**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Gilberto ALCAREZ CAMACHO,
Defendant–Appellee.**

**No. 02–50447.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2003.

Filed Aug. 15, 2003.

Bruce H. Searby, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellant.

Davina T. Chen, Assistant Federal Public Defender, Los Angeles, CA, for the defendant-appellee.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge:

The United States appeals the sentence imposed upon Gilberto Camacho following his guilty plea to one count of failure to appear, in violation of 18 U.S.C. § 3146. The government contends that the district court erred by failing to sentence Camacho under the United States Sentencing Guide-

lines. We agree and therefore reverse. Our jurisdiction is pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## BACKGROUND

Camacho was indicted in 1974 for violations of 21 U.S.C. §§ 841(a)(1) and 846. He was released on bail but then failed to appear following the second day of his 1975 trial. On the fourth day, the jury found Camacho guilty. Camacho remained a fugitive until March 19, 2002, when he was arrested while attempting to enter the United States from Mexico.

On June 7, 2002, Camacho was indicted for failure to appear during his 1975 trial, in violation of 18 U.S.C. § 3146.[1] At a July 29, 2002, hearing, Camacho indicated that he wanted to plead guilty to the failure to appear count and that he wished to proceed with sentencing. The government objected, stating that it had filed a first superseding information, correcting some errors in the indictment. The district court, however, proceeded to ask Camacho whether he waived the right to a presentence investigation and report, which he did. Following a Rule 11 colloquy, the district court accepted Camacho's guilty plea.

The government argued that Camacho should be sentenced under the sentencing guidelines, but the court rejected this argument with the terse comment, "I'm not going to do it under the guidelines, Counsel, so please." The government further

---

**1.** The indictment, which charged Camacho with one count of failure to appear in violation of 18 U.S.C. § 3146(a)(1) (formerly codified at 18 U.S.C. § 3150), alleged in full: On or about February 20, 1975, in Los Angeles County, within the Central District of California, defendant Gilberto Camacho, having been indicted in *United States v. Felipe Cervantes, et al.,* CR 74–1754–R and charged with conspiracy to commit, and aiding and abetting, the knowing and inten-

tional possession with the intent to distribute heroin and cocaine, narcotic drug controlled substances, having been arrested and released from custody on bail, pursuant to Title 18, United States Code, Section 3143, and having been ordered to appear for trial before the Honorable Manuel Real, United States District Judge, knowingly and willfully did fail to appear as required before aforementioned Court.

pointed out that under the pre-guidelines failure to appear statute, the maximum sentence was five years, whereas under the current statute, the maximum is 10 years. *Compare* 18 U.S.C. § 3146(b)(A)(i) (2003) *with* 18 U.S.C. § 3150 (1976). The court sentenced Camacho to 45 years' imprisonment, which the court described as "15 years on each count of the Indictment in Case No. 74–1754, and 10 years on the Indictment in Case No. 576 [the failure to appear charge]".[2] The court then suspended the sentence and placed Camacho on five years' probation. The government then applied to correct the sentence under Federal Rule of Criminal Procedure 35, which the court denied without explanation. The government filed a timely notice of appeal.

## STANDARD OF REVIEW

■ Whether the sentencing guidelines apply to an offense is a question of law reviewed de novo, "without deference to the sentencing court's interpretation." *United States v. Merino,* 44 F.3d 749, 753 (9th Cir.1994); *accord United States v. Gray,* 876 F.2d 1411, 1418 (9th Cir.1989).

## DISCUSSION

■ The government argues that this case is governed by *Gray.* There, the defendant was convicted of conspiracy to commit bank fraud on June 3, 1987, and failed to appear for sentencing on September 25, 1987. He was then indicted for failure to appear, in violation of § 3146. Gray was arrested on December 8, 1987, and convicted of failure to appear. He

was sentenced to five years for failure to appear and 15 years for bank fraud. *See id.* at 1413–14. The sentencing guidelines became effective on November 1, 1987, and do not apply to conduct that occurred prior to that date. *Id.* at 1418.

We reasoned in *Gray* that the guidelines "apply to offenses initiated before November 1, 1987, but not completed until after November 1, 1987," and that the question therefore was whether the crime of failure to appear is a continuing offense that is "committed throughout the period in which the defendant remains at large."[3] *Id.* We examined *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), in which the Supreme Court stated that the crime of escape is a continuing offense because of the threat to society posed by an escaped prisoner and because the statute of limitations is tolled during the period an escapee is at large. *See Gray,* 876 F.2d at 1419 (discussing *Bailey,* 444 U.S. at 413–14, 100 S.Ct. 624). Because "a defendant who fails to appear for sentencing presents a threat to society analogous to that posed by an escaped prisoner," and "the failure of a defendant to appear for sentencing poses a threat to the integrity and authority of the court," we concluded that failure to appear was a continuing offense similar to escape and, accordingly, that Gray should have been sentenced under the guidelines. *Gray,* 876 F.2d at 1419; *see also United States v. Green,* 305 F.3d 422, 433 (6th Cir.2002) (stating that in a failure to appear offense, "[l]ike the crime of escape, the crime is not complete on the day that a defendant fails to appear

---

2. These sentences do not add up to 45 years' imprisonment. It appears that the court intended the 10–year failure-to-appear sentence to be served concurrently with the sentence in the earlier case, but we need not resolve this ambiguity.

3. The district court in *Gray* did not sentence Gray under the guidelines, but for a reason

unrelated to the situation presented here— "based on a previous ruling that the guidelines were unconstitutional." 876 F.2d at 1418. The Supreme Court, however, subsequently upheld the constitutionality of the guidelines. *See id.* (citing *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)).

for sentencing, but rather continues until the defendant is apprehended and finally appears for sentencing").

We agree with the government that *Gray* requires that Camacho be sentenced under the guidelines. Camacho's offense of failure to appear commenced in 1975 and continued until his arrest in 2002. "A continuing course of criminal conduct which starts before November 1, 1987, and continues after that date is a so-called 'straddle' offense properly sentenced under the Guidelines." *United States v. Robertson*, 73 F.3d 249, 251 (9th Cir.1996).

It is inconsequential that *Gray* involved a defendant who failed to appear for his sentencing following his conviction, whereas Camacho's failure to appear began before he was convicted. In *Merino*, we relied on *Gray* to affirm the application of the sentencing guidelines to a conviction under 18 U.S.C. § 1073 for unauthorized flight to avoid prosecution, where the defendant failed to appear for trial on February 9, 1987, and remained at large until his arrest in 1989. *See Merino*, 44 F.3d at 753–54. Although the defendant was "not yet a convicted felon, and therefore did not pose the same danger to society noted … in *Gray*," the " 'threat to the integrity and authority of the court' " found in *Gray* was similarly "posed by a recalcitrant defendant who refuses to abide by lawful court orders." *Id.* at 754 (quoting *Gray*, 876 F.2d at 1419). As in *Gray* and *Merino*, Camacho's failure to appear "poses a threat to the integrity and authority of the court." *Gray*, 876 F.2d at 1419. The reasoning in *Gray* therefore applies as strongly to a defendant whose failure to appear begins before his conviction as to a defendant who fails to appear only for sentencing.

Camacho argues that the indictment did not contain any allegation that his offense of failure to appear continued beyond November 1, 1987, and that his plea to the indictment, therefore, did not establish any factual basis that the crime continued beyond the effective date of the guidelines. We reject this contention.

Camacho's assertion that his crime "occurred in 1975" is not an assertion of fact, but a legal contention which finds no support in our cases. The crime of failure to appear is a continuing offense as a matter of law. *Id.* at 1418–19. "[T]he crime is not complete on the day that a defendant fails to appear … but rather continues until the defendant is apprehended and finally appears for sentencing." *Green*, 305 F.3d at 433. There is no factual dispute that Camacho was at large until his arrest in 2002. We therefore hold that the sentencing guidelines apply to his straddle offense.[4] *See Gray*, 876 F.2d at 1419.

The district court erred by failing to sentence Camacho under the sentencing guidelines. We therefore vacate the sentence and remand for resentencing under the sentencing guidelines.[5]

**VACATED and REMANDED.**

---

4. Moreover, in *Bailey*, the indictment charged the defendants with escaping " '[o]n or about August 26, 1976,' " and did not indicate the date of apprehension or the continuing nature of the offense. 444 U.S. at 402, 100 S.Ct. 624 (alteration in original). Nonetheless, the Supreme Court found the indictment to be sufficient. *Id.* at 414, 100 S.Ct. 624.

5. We reject Camacho's argument that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* is only implicated when a fact increases the penalty for the crime beyond the statutory maximum. *See id.* at 490, 120 S.Ct. 2348. Sentencing Camacho under the guidelines does not subject him to a penalty beyond the statutory maximum.