**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Allen WENNER,**
**Defendant–Appellant.**

**No. 02–30022.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2003.

Filed Dec. 12, 2003.

1.  Op. at 968.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, CA, for the defendant-appellant.

Andrew C. Friedman, Assistant United States Attorney, Seattle, WA, for the plaintiff-appellee.

Before WALLACE, TROTT, and TASHIMA, Circuit Judges.

TASHIMA, Circuit Judge.

We must decide whether Washington residential burglary is a "crime of violence" under the Sentencing Guidelines. For the reasons hereinafter stated, we conclude that it is not.

Timothy Wenner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In 1995, Wenner pled guilty to the state crimes of residential burglary, Wash. Rev.Code § 9A.52.025(1), and attempted residential burglary, *Id.* § 9A.28.020(1), both felonies under Washington law. *Id.* § 9A.52.025(2); *Id.* § 9A.28.020(3)(c). At sentencing, the district court found that these two crimes were crimes of violence, and therefore held his base offense level to be 24. U.S.S.G. § 2K2.1(a)(2). Wenner appeals, arguing that these convictions are not crimes of violence under the Guidelines. We have jurisdiction over this timely appeal pursuant 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We reverse and remand for resentencing.[1]

### ANALYSIS

Under the Guidelines, a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). An attempt to

---

**1.** We review de novo the district court's interpretation of the Guidelines. *United States v.*

*Alexander,* 287 F.3d 811, 818 (9th Cir.2002).

commit a crime of violence is itself a crime of violence. U.S.S.G. § 4B1.2 cmt. n. 1.

■■■ To determine whether Wenner's state convictions are burglaries of dwellings, as the government contends, we first use the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990) (extending *Taylor's* categorical approach to the Guidelines). Under this approach, we do not look to the specific conduct of his state convictions, but only to the statutory definition of the crime. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. If the state statute criminalizes conduct that is not a crime of violence under § 4B1.2(a)(2), then his conviction is not a categorical match. *Taylor* also permits us "to go beyond the mere fact of conviction in a narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143. In cases where a state statute criminalizes both conduct that does and does not qualify as a crime of violence, we review the conviction using a modified categorical approach. "Under the modified categorical approach, we conduct a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially overinclusive." *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002) (citing *United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002) (en banc)).

## A. Categorical Approach

■■ Wenner's conviction for residential burglary is defined as "enter[ing] or remain[ing] unlawfully in a dwelling other than a vehicle" with the intent to commit a crime. Wash. Rev.Code § 9A.52.025(1). Washington defines a "dwelling" as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." Wash. Rev.Code § 9A.04.110(7). In Washington, a "building" can include a fenced area, a railway car, or cargo container. Wash. Rev.Code § 9A.04.110(5).

*Taylor* held that "burglary" under the Armed Career Criminal Act ("ACCA") is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598, 110 S.Ct. 2143. Wenner argues that a "burglary of a dwelling" under the Guidelines must be a "burglary" under *Taylor* (*i.e.*, it must involve entry into a building), and the burglary must be of a "dwelling" under federal law (which might differ from Washington's definition of a "dwelling"). We agree that *Taylor's* definition of "burglary" applies to the definition of "burglary of a dwelling." Thus, burglary of a dwelling must involve a "building or structure" under *Taylor*. Some things that are dwellings under Washington law (*e.g.*, fenced areas, railway cars, and cargo containers) are not buildings or structures under federal law, and so cannot support a conviction for generic "burglary" under *Taylor*. *See Taylor*, 495 U.S. at 599, 110 S.Ct. 2143 (noting that a few states define burglary more broadly than the federal definition "by including places ... other than buildings," such as automobiles, vending machines, booths, tents, boats and railway cars); *United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir.1997) (observing that burglary of a railway car would not be "burglary" under *Taylor*); *United States v. Pluta*, 144 F.3d 968, 975–76 (6th Cir.1998) (remarking that burglary of neighbor's backyard is not "burglary" under *Taylor*). Thus, we agree with Wenner that the Washington statute is broader than federal law; burglarizing a fenced area that doubles as a dwelling is a residential burglary under

Washington law, but not a "burglary" under *Taylor*, and thus not a burglary of a dwelling under the Guidelines.

The dissent rejects the view that the *Taylor* definition of burglary extends to the Guidelines contending that "we do not apply *Taylor's* general definition to more specific types of burglary." Although we have not explicitly held that the *Taylor* definition of burglary provides the definition of "burglary" in § 4B1.2, the reasons given by the Supreme Court in *Taylor* for establishing a uniform definition of burglary under the ACCA apply here. That is, the Guidelines also seek to promote uniformity in sentencing and to avoid reliance on outdated common law definitions. *See Taylor*, 495 U.S. at 590–95, 110 S.Ct. 2143; U.S.S.G. ch. 1, pt. A, intro., p.s. 3. (stating that a fundamental purpose of the Sentencing Guidelines is "reasonable uniformity in sentencing" among federal districts). Moreover, we have previously treated the ACCA definition established in *Taylor* as informative of the definition of "burglary" in § 4B1.2(a)(2). In *United States v. Williams*, 47 F.3d 993 (9th Cir.1995), we held that a plea of *nolo contendere* to a charge of unlawfully entering a residence and building with intent to commit larceny constituted a conviction of a "crime of violence" under U.S.S.G. § 4B1.2(1). We relied on an ACCA case, *United States v. Dunn*, 946 F.2d 615, 620 (9th Cir.1991), citing it for the *Taylor* definition of burglary. *Williams*, 47 F.3d at 995. Thus, the most logical and sensible reading of the

Guidelines and the reading that is consistent with our cases is to construe "burglary of a dwelling" as the *Taylor* definition of burglary, with the narrowing qualification that the burglary occur in a dwelling.[2] Under this definition and the categorical approach required by *Taylor* and *Becker*, it is clear that the scope of Washington's residential burglary statute exceeds the federal definition. As the dissent acknowledges, under Washington law, a "dwelling" can include a fenced area, a railway car or a cargo container. Wash. Rev.Code § 9A.04.110(5). And *Taylor* limits burglary to buildings or other structures. 495 U.S. at 598, 110 S.Ct. 2143.

The dissent relies on the dictionary definition of a "dwelling" quoted in *United States v. McClenton*, 53 F.3d 584, 587 (3d Cir.1995), and *United States v. Graham*, 982 F.2d 315, 316 (8th Cir.1992); however, neither case holds that burglary as broad as residential burglary under Washington law would qualify as "burglary of a dwelling" under the Guidelines. *McClenton* involved burglary of a hotel guest room, 53 F.3d at 587, and *Graham* involved burglary of "shelters used for weekend fishing retreats," 982 F.2d at 316.[3] Because the dictionary definition urged by the dissent is broader than the uniform federal definition of "burglary of a dwelling," we decline to adopt it as controlling under § 4B1.2(a)(2). *Cf. Williams*, 47 F.3d at 994 (concluding that burglary under California law is "broader than the conduct

---

**2.** The Guidelines' definition is necessarily narrower than the ACCA definition of burglary. *See* U.S.S.G. § 4B1.2, comment. (n.1); U.S.S.G. § 4B1.4, comment. (n.1) (explaining that "violent felony" under the ACCA and "crime of violence" are not identically defined). Additionally, the Supreme Court has rejected the argument that "burglary" under the ACCA should be construed to apply to a narrow subclass of burglaries because Congress did not provide narrowing language. *See Taylor*, 495 U.S. at 593–94, 110 S.Ct.

2143. It is thus particularly incongruous for the dissent to conclude that Washington residential burglary is broader than *Taylor* burglary but still narrow enough to meet the Guidelines' definition.

**3.** Because of the narrowness of the holdings in *McClenton* and *Graham*, our holding creates no inter-circuit conflict on the scope of "burglary of a dwelling" under § 4B1.2(a).

defined in § 4B1.2(1) because the statute encompasses burglaries of buildings other than dwellings in situations that might not present a serious potential risk of physical injury to another").

The dissent's analysis of the Washington statute strays from the categorical approach required by *Taylor* and would create an unnecessary tension with our cases applying *Taylor* to guideline cases. Under the proper analysis, the necessary conclusion is that residential burglary under Washington law does not meet the definition of "burglary of a dwelling" under § 4B1.2(a)(2).

## B. Modified Categorical Approach

■ Citing *Bonat,* 106 F.3d at 1477, the government argues that we can find that Wenner's conviction matched the federal definition of burglary because the information charged Wenner with "enter[ing] or remain[ing] unlawfully in a dwelling other than a vehicle, the residence of Mike Jewell." The government does not point to a signed plea agreement or judgment of conviction that would demonstrate that Wenner was convicted as charged and our independent review of the record does not disclose any such document. It is well-established that we may not rely on an information alone to determine the elements of conviction. *See United States v. Parker,* 5 F.3d 1322, 1327 (9th Cir.1993) (A "sentencing court may not rely upon the charging paper *alone* in determining if a prior jury conviction was for a 'violent felony.' "); *Bonat,* 106 F.3d at 1477–78 (stating that, if district court had relied

solely on charging document, instead of also considering the Judgment on Plea of Guilty, it would have been error).

Moreover, the sentencing transcript indicates that the district court did not assess Wenner's prior convictions under the modified categorical approach, but rather appears to have presumed that the statutes constituted a categorical match. We conclude that the government did not carry its burden of establishing that Wenner was convicted of a crime of violence under the modified categorical approach. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003) (stating that the burden is on the government to prove the basis for enhancements under the modified categorical approach).

## C. Catchall Provision

■ Although the government eschews the argument that residential burglary is a crime of violence, apart from the argument that it can be a "burglary of a dwelling," the dissent insists that because residential burglary "involves conduct that presents a serious potential risk of physical injury to another," residential burglary, no matter how broadly worded, should qualify as a crime of violence under the catchall provision of § 4B1.2(a)(2).[4] Because this approach renders the limitation on the classification of burglaries as a crime of violence to burglaries of "dwellings" mere surplusage, we respectfully disagree with the dissent. Under the dissent's reasoning *all* burglaries, whether or not they are burglaries of a dwelling, would qualify for an

4. This section provides:
   (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
   (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
   U.S.S.G. § 4B1.2(a).

enhancement under § 4B1.2(a)(2). What then, one must ask, was the purpose of the Sentencing Commission in specifically listing "burglary of a dwelling" as a crime of violence? [5]

It is a fundamental canon of statutory construction that a statute should not be construed so as to render any of its provisions mere surplusage. *See, e.g., Ratzlaf v. United States,* 510 U.S. 135, 140–41, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (noting that statutory language should not be construed so as to render certain words or phrases mere surplusage); *Bowsher v. Merck & Co.,* 460 U.S. 824, 833, 103 S.Ct. 1587, 75 L.Ed.2d 580 (1983) (restating "the settled principle of statutory construction that we must give effect ... to every word of the statute"). The dissent's approach also violates another fundamental principle of statutory construction that the specific trumps the general. *See Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 524, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989) ("A general statutory rule usually does not govern unless there is no more specific rule."); *Fourco Glass Co. v. Transmirra Prods. Corp.,* 353 U.S. 222, 228–29, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) ("Specific terms prevail over the general in the same or another statute which otherwise might be controlling.") (citation and internal quotation marks omitted); *Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States,* 215 F.3d 1005, 1013 (9th Cir.2000) ("It is fundamental that a general statutory provision may not be used to nullify or to trump a specific provision."). Finally, the dissent's approach eviscerates the requirement that the state statute of conviction not exceed the scope of the federal definition. *See United States v. Becker,* 919 F.2d 568, 570 (9th Cir.1990) (holding that the categorical approach established in *Taylor* applies to the Sentencing Guidelines). Here, the Guidelines specifically provide that "burglary of a dwelling" is a "crime of violence." Given that specific inclusion, it is unsound statutory interpretation to use the general, catchall "conduct that presents a serious potential risk of physical injury" provision to include all other burglaries as crimes of violence.

The dissent bases its analysis on *United States v. M.C.E.,* 232 F.3d 1252 (9th Cir. 2000). Although *M.C.E.* addressed the Washington statute under which Wenner was convicted, it did not assess whether Washington residential burglary met the Sentencing Guidelines' definition of a crime of violence under § 4B1.2(a). Rather, *M.C.E.* determined that Washington residential burglary is a crime of violence only for the purpose of transferring a juvenile to adult prosecution under 18 U.S.C. § 5032. *Id.* at 1257. Unlike the Sentencing Guidelines, however, § 5032 does not separately and specifically list "burglary of a dwelling" as a crime of violence. Thus,

5. The dissent, while acknowledging that "the sentencing court's rationale is not crystal clear," asserts that the district court likely "relied on section 4B1.2(a)(2)'s catch-all provision." We find no record support for this assertion. After prefacing its remarks with the observation that "[t]here's only a tenuous relationship between the Sentencing Guidelines and the purposes of sentencing, but we're stuck with these guidelines," the district court's only reference to the controlling guideline provision was its remark that "I think that both residential burglary and the attempted residential burglary are crimes of violence—not actual violence, but violence as that term is misused in the guidelines." This sheds no light on whether the district concluded that Washington residential burglary was a crime of violence because it was equivalent to burglary of a dwelling or because it met the "conduct" requirement of the catchall provision. The parties' briefs do not discuss the catchall provision at all—there is a complete absence of any briefing on the issue on which the dissent would decide this case.

our decision in *M.C.E.*, unlike the dissent, did not render any statutory language in the statute involved, § 5032, superfluous. That decision also did not favor a general statutory provision over a specific one.

In *M.C.E.*, we noted that the language in § 5032 is "virtually identical" to the language used in *Becker*, in which we held that residential burglary under a California statute constituted a crime of violence because it was an offense " 'that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing that offense.' " *M.C.E.* 232 F.3d at 1256 (quoting *Becker*, 919 F.2d at 569). Significantly, however, in *Becker* we considered an earlier version of the Sentencing Guidelines, which did not list any specific crimes in defining a crime of violence.[6] *Becker*, 919 F.2d at 572. Thus, neither *M.C.E.* nor *Becker* considered whether a state conviction for residential burglary constitutes a crime of violence because it is "burglary of dwelling" for the reason that neither the 1988 version of the Guidelines nor 18 U.S.C. § 5032 limited eligible burglaries to burglary of a dwelling.[7]

For these reasons, we decline to adopt the dissent's broad reading of

§ 4B1.2(a)(2)'s catchall provision, which would render the specific inclusion of "burglary of a dwelling" in the same section surplusage.

### D. Attempt Conviction

Finally, we turn to whether Wenner's conviction for attempted residential burglary is a crime of violence. Under the Guidelines, an attempt to commit a crime of violence is itself a crime of violence. U.S.S.G. § 4B1.2, cmt. 1. Because, as we have concluded above, Washington residential burglary is not a crime of violence, Wenner's state conviction for attempted residential burglary also is not a crime of violence under the Guidelines.

### CONCLUSION

Because neither Washington residential burglary nor attempted residential burglary is a crime of violence, the district court erred in enhancing Wenner's sentence under § 2K2.1(a)(1). We therefore vacate the sentence and remand for resentencing. *See United States v. Matthews*, 278 F.3d 880, 885–90 (9th Cir.) (en banc), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

### VACATED and REMANDED.

---

6. The 1988 version of U.S.S.G. § 4B1.2 at issue in *Becker* employed the definition of crime of violence from 18 U.S.C. § 16 (1988), which provided that a crime of violence was:
   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   18 U.S.C. § 16 (1988).

7. The dissent's reliance on the *ejusdem generis* canon of statutory construction is also misplaced. For contrary to established practice, *see, e.g., Wash. Dep't of Social & Health Serv.*

*v. Estate of Keffeler*, 537 U.S. 371, 123 S.Ct. 1017, 1025, 154 L.Ed.2d 972 (2003), the dissent employs the canon expansively, rather than restrictively, such that the catchall provision would "swallow[ ] up the rest of the statute." *Peretz v. United States*, 501 U.S. 923, 955, 111 S.Ct. 2661, 115 L.Ed.2d 808 (Scalia, J., dissenting) (1991). Under the dissent's view, burglary of "a fenced area, railway car, or cargo container" would qualify as a crime of violence "whether or not this conduct constitutes 'burglary of a dwelling' under federal law." But application of the dissent's principle would not stop there: Its expansive principle would apply equally to the burglary of an automobile, boat, warehouse, or even a barn.

WALLACE, Circuit Judge, dissenting.

Wenner pled guilty to burglarizing "a dwelling other than a vehicle, residence of Mike Jewell." The majority concludes that Wenner did not commit a "burglary of a dwelling" or any other "crime of violence" as defined under the Sentencing Guidelines. I dissent from the majority's strained interpretation of federal law.

The district court should be affirmed for two reasons. First, while we use the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990) (applying *Taylor's* categorical approach to the Guidelines), we do not extend *Taylor's* definition of generic burglary to the Guidelines' more specific offense "burglary of a dwelling." Second, the district court should be affirmed because, even if Washington defines residential burglary more broadly than the Guidelines' "burglary of a dwelling," residential burglary is nonetheless a crime of violence under the Guidelines' catch-all provision.

### I.

Wenner was convicted in state court of residential burglary, which Washington defines as "enter[ing] or remain[ing] unlawfully in a dwelling other than a vehicle" with the intent to commit a crime. WASH. REV. CODE § 9A.52.025(1). A "dwelling" is "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." *Id.* § 9A.04.110(7). In Washington, a "building" can include a fenced area, a railway car, or a cargo container. *Id.* § 9A.04.110(5).

Wenner's conviction is a "crime of violence" under U.S. Sentencing Guidelines § 4B1.2(a)(2) if it represents "an[ ] offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." To decide whether Wenner's conviction constitutes a "burglary of a dwelling" under federal law, we must compare Washington's crime of "burglary of a residence" with "burglary of a dwelling" under section 4B1.2(a)(2), looking exclusively to the statutory definition of the crime rather than to the specific conduct underlying Wenner's conviction. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. If the state statute criminalizes conduct that would not be a crime of violence under section 4B1.2(a)(2), Wenner's conviction cannot support the higher base offense level unless "the jury was actually required to find all the elements" of a crime of violence. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143.

### II.

Wenner's argument proceeds as follows. First, a "burglary of a dwelling" under the Guidelines must be defined the same way *Taylor* defined "burglary" under the Armed Career Criminal Act (ACCA), i.e., it must involve entry into a *building*. 495 U.S. at 598, 110 S.Ct. 2143. Second, the federal definition of "building" is narrower than Washington's definition of a "dwelling." Consequently, some things deemed residences under Washington law (e.g., fenced areas, railway cars, and cargo containers, WASH. REV. CODE § 9A.52.025(1), 9A.04.110(5)) are not buildings or structures under federal law and so cannot support a conviction for generic "burglary" under *Taylor*. *See United States v. Bonat*, 106 F.3d 1472, 1477 (9th Cir.1997) (burglary of a railway car is not "burglary" under *Taylor* and the ACCA); *United States v. Pluta*, 144 F.3d 968, 975–76 (6th Cir.1998) (burglary of neighbor's backyard is not "burglary" under *Taylor* and the ACCA).

In sum, Wenner contends that the Washington's residential burglary statute is broader than section 4B1.2(a)(2), because burglarizing a fenced area that doubles as a dwelling is a residential burglary under Washington law, but not a "burglary" under *Taylor*, and therefore not a burglary of a dwelling under the Guidelines.

Wenner assumes, and the majority agrees, that *Taylor's* definition of "burglary" applies to the Guidelines' offense "burglary of a dwelling," and thus a burglary of a dwelling under the Guidelines must involve a "building or structure" under *Taylor*. I do not accept this conclusion. *Taylor* defined run-of-the-mill burglary as that word appears in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii); we do not apply *Taylor's* general definition to more specific types of burglary.

Suppose, for instance, the Sentencing Commission were to add a provision to the Guidelines to increase a defendant's base offense level for a vehicular burglary conviction. Surely *Taylor's* definition of generic "burglary" would not apply, else the vehicular burglary would have to transpire inside a building. *See Sareang Ye v. INS*, 214 F.3d 1128, 1132–33 (9th Cir.2000) (recognizing that *Taylor's* general definition of "burglary" does not include "vehicle burglary"). A person who stole a car from a fenced area (such as a parking lot) would not have committed a vehicular burglary. This absurd result is just what the majority's logic commands.

Reason compels me to conclude that *Taylor's* definition of "burglary" does not apply every time that word appears in the Sentencing Guidelines. *Taylor* does not purport to define "burglary of a dwelling" as that term is employed in section 4B1.2(a)(2). Thus, our general obligation to apply *Taylor's* categorical approach when interpreting the Sentencing Guidelines does not require us to extend its

generic definition blindly to the Guidelines' more specific "burglary of a dwelling."

The issue before us is not whether residential burglary is "burglary" under the ACCA. It is not whether residential burglary satisfies *Taylor's* definition of "burglary" or whether fenced areas are "buildings" under federal law. Instead, the issue is whether Washington's residential burglary statute is broader than the federal definition of "burglary of a dwelling." More precisely, we must decide whether the burglary of fenced areas, railway cars, or cargo containers used for lodging constitutes "burglary of a dwelling" under the Guidelines. To this I turn.

The Third and Eighth Circuits define a "dwelling" for these purposes as a "building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." *United States v. McClenton*, 53 F.3d 584, 587 (3d Cir.1995), *quoting* BLACK'S LAW DICTIONARY 505 (6th ed.1990); *United States v. Graham*, 982 F.2d 315, 316 (8th Cir.1992) (quoting same). If we interpret "burglary of a dwelling" to cover any "enclosed space which is used or intended for use as a human habitation, home, or residence," Washington's residential burglary statute is no broader than the uniform federal definition. A fenced area is an "enclosed space," as are railway cars and cargo containers. *See, e.g.*, BLACK'S LAW DICTIONARY 547, 881 (7th ed.1999) (defining "enclosed land" as "land that is actually enclosed and surrounded by fences"); 29 C.F.R. § 1926.21(b)(6)(ii) (defining "enclosed space" for safety and health regulations as including "open top spaces more than four feet in depth"). Rather than embrace the majority's illogical conclusion that generic "burglary" and "burglary of a dwelling" must both involve buildings, I

would hold that Washington's residential burglary is no broader than 4B1.2(a)(2) and thus satisfies *Taylor's* categorical approach.

The majority asserts that its definition of "burglary of a dwelling" does not create a circuit split because *McClenton* and *Graham* merely narrow *Taylor's* definition for purposes of section 4B1.2(a)(2) by requiring entry into a building that is also a dwelling. Although *Graham* is somewhat ambiguous on this point, *McClenton's* plain language defies the majority's construction: "The Sentencing Commission has adopted a categorical approach to the determination of whether an underlying offense is a 'crime of violence' within section 4B1.2, deciding that *any invasion of a place where people may reside* presents an unacceptable risk of harm and must be classified as a crime of violence." *McClenton,* 53 F.3d at 588. By defining "burglary of a dwelling" differently from *Taylor's* definition for generic burglary, *McClenton* directly contradicts the majority's decision.

In the alternative, the majority contends that *McClenton's* interpretation of section 4B1.2(a)(2) cannot be correct because "the Supreme Court has rejected the argument that 'burglary' under the ACCA should be construed to apply to a narrow subclass of burglaries." Contrary to the majority's assertion, *Taylor* did not foreclose the possibility that the Sentencing Commission might depart from its general definition of "burglary" to identify more specific categorizations. In reality, the Third Circuit's generic definition of "burglary of a dwelling" is both broader and narrower than the Sentencing Guidelines' definition for run-of-the-mill "burglary": it is broader than *Taylor's* definition, because it applies to residential spaces that are not buildings, but it is also considerably narrower, because it does not apply to nonresidential buildings. Nowhere in *Taylor* does the

Court suggest that the Sentencing Commission lacks the authority to delimit a more specific burglary category along these lines that departs from *Taylor's* generic definition.

The majority also argues that a "residence" under federal law must be a "building" under *United States v. Williams,* 47 F.3d 993 (9th Cir.1995). Although *Williams* does include a reference to *Thompson's* "building or structure" language, it does not address the issue raised in this case. In *Williams,* we cited *Thompson* as support for our holding that Williams's sentence could be enhanced notwithstanding the fact that the indictment did not employ the specific terms "unlawful or unprivileged entry" as required by *United States v. Parker,* 5 F.3d 1322, 1325 & n. 2 (9th Cir.1993). Because Williams's burglary took place in an "occupied structure," we did not have occasion to consider whether illegal entry into an alternative residential space would constitute "burglary of a dwelling." Thus, we did not consider whether *Taylor's* general definition of "burglary" restricts the ordinary meaning of "residence" as used in section 4B1.2(a)(2).

Given that the majority's opinion draws this circuit into conflict with the Third Circuit, I find it highly ironic that the majority faults my reading of section 4B1.2(a)(2) for undermining the Guidelines' goal "to promote uniformity in sentencing." The majority's holding frustrates inter-circuit sentencing uniformity by unnecessarily extending a generic definition of "burglary" to a context where the Sentencing Guidelines clearly anticipate a definition that would apply to all residential spaces. For these reasons, I would interpret "burglary of a dwelling" under section 4B1.2(a)(2) more broadly to encompass the residential spaces covered in Washington's residential burglary statute.

## III.

Regardless of my conflict with the majority above, there is an alternative theory upon which we can and should affirm the district court. I now turn to this alternative.

The majority argues that we may not consider whether Wenner's acts "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another" because the parties did not brief this issue and the district court did not apply section 4B1.2(a)(2)'s catch-all provision. The sentencing court stated:

I appreciate the argument that defendant makes narrowing—trying to narrow—these things to get around what is apparently the intent of the statute, or the guideline, but I frankly just don't buy it. I think if we look at the ordinary terms used and the statutes and what Mr. Wenner in fact did based on the records of those cases, I think that both the residential burglary and the attempted residential burglary are crimes of violence—not actual violence, but violence as that term is misused in the guidelines. That may be unfortunate, but I believe that the government simply has the better side of that argument, and so I think the guideline workup is correct.

Although the sentencing court's rationale is not crystal clear, its decision to "look at the ordinary terms used[and] what Mr. Wenner in fact did based on the records of those cases" suggests that it likely considered, at least in part, applying "burglary of a dwelling" and relied on section 4B1.2(a)(2)'s catch-all provision.

But this is a non-dispositive issue. Whether the sentencing court in fact relied on the catch-all provision is not determinative for purposes of our analysis. Because the Sentencing Guidelines' applicability to a particular offense is a question of law we

review de novo, *United States v. Alcarez Camacho*, 340 F.3d 794, 796 (9th Cir.2003), we are not bound to decide the case based solely on the sentencing court's rationale or the district court's reason for dismissing the habeas petition. We can affirm if the record shows the sentencing court got it right but for another reason. *See id.* ("Whether the sentencing guidelines apply to an offense is a question of law reviewed de novo, without deference to the sentencing court's interpretation." (internal quotations and citation omitted)); *Pollard v. White*, 119 F.3d 1430, 1433 (9th Cir.1997) ("We review a district court's dismissal of a habeas petition *de novo* and may affirm on any ground supported by the record, even if it differs from the rationale of the district court."). Therefore, even assuming that Wenner's residential burglary was not a burglary of a dwelling under section 4B1.2(a)(2), I believe we should affirm the district court under the section's catch-all provision, because the conviction involves "conduct that presents a serious potential risk of physical injury to another."

Under Washington law, Wenner's conviction necessarily involved a delimited space "used or ordinarily used by a person for lodging." Wash. Rev. Code § 9A.04.110(7). Our prior decisions dictate that this offense presents a serious potential risk of physical injury to another. Thus, Washington's residential burglary statute is no broader than the Guidelines' catch-all provision.

For a state crime to be a crime of violence under section 4B1.2(a)(2)'s catch-all provision, we need not—and cannot—look to the particular facts that occasioned the conviction. Rather, we must apply the categorical approach, under which we look only at the statutory definition. *United States v. M.C.E.*, 232 F.3d 1252, 1255 (9th Cir.2000). We need not consider whether the residence Wenner burglarized was ac-

tually occupied during the burglary. *United States v. Weinert*, 1 F.3d 889, 891 (9th Cir.1993). All that matters is that the state statute only criminalizes conduct that presents a serious potential risk of physical injury to another.

The federal statutory provision interpreted in *M.C.E.* defines a crime of violence to include any crime that "by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense." 18 U.S.C. § 5032. *M.C.E.* analyzed the same Washington statute at issue here and concluded that it was a crime of violence under 18 U.S.C. § 5032 "because the perpetrator's unlawful entry into a dwelling with intent to commit a crime therein creates a substantial risk that he may encounter the lawful occupant, or perhaps an investigating police officer, thus resulting in a violent confrontation." 232 F.3d at 1255. Notwithstanding differences in state definitions, "[c]ourts that have faced this question have come to the conclusion (unanimously as far as we can tell) that residential burglary is indeed a crime of violence." *Id.* Such conduct is inherently dangerous, not because it may take place in a "structure or building," but rather because violence is highly likely to occur if the perpetrator encounters a lawful occupant or police officer. *Id.; see United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989) ("[R]esidential burglary has been considered a violent offense for hundreds of years.... No one has doubted for decades that residential burglary is a 'violent offense, because of the potential for mayhem if the burglar encounters a resident.' "); *United States v. Davis*, 881 F.2d 973, 976 (11th Cir.1989) ("In accord with ... the settled law of the federal circuits, we conclude that the burglary of a dwelling by its nature creates a substantial risk of physical force."). *M.C.E.'s* reasoning is even more forceful in the instant case since

18 U.S.C. § 5032 required a "substantial risk," while section 4B1.2(a)(2) requires only a "serious *potential* risk." *Accord Becker*, 919 F.2d at 571–72 (daytime burglary of a residence is a crime of violence under the 1988 Guidelines, which defined a crime of violence as including a felony that inherently involves "a substantial risk" of physical force). *M.C.E.* therefore compels the conclusion that Wenner's conviction under Washington's residential burglary statute constitutes a crime of violence under the Guidelines' catch-all provision.

It is no response to assert that this reading of the catch-all provision would render the more specific provision "burglary of a dwelling" mere surplusage. Catch-all provisions are designed to catch what specific provisions leave behind. At most, section 4B1.2(a)(2)'s catch-all provision may be subject to the *ejusdem generis* canon, which dictates that "[w]here general words follow the enumeration of specific classes of things, the general words must be construed as restricted to things of the same type as those specifically enumerated." *Aqua–Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 677 (9th Cir.1997); *citing* 2A Norman J. Singer, Sutherland Statutory Construction § 47.17, at 188–90 (5th rev. ed.1992); *see also Wash. Dep't of Social and Health Serv. v. Estate of Keffeler*, 537 U.S. 371, 384–85, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003) (applying this principle). *Ejusdem generis* actually supports my reading of section 4B1.2(a)(2), however. As the section's commentary explains, an unlisted offense is a crime of violence (i.e., of "the same type as those specifically enumerated") if the conduct "by its nature, presented a serious potential risk of physical injury." U.S.S.G. § 4B1.2, cmt. 1. The majority does not seriously dispute that illegally entering or remaining in a fenced area, railway car, or cargo container used as a residence with intent to commit a

crime therein poses a serious risk of physical injury, whether or not this conduct constitutes "burglary of a dwelling" under federal law.

Reading section 4B1.2(a)(2)'s catch-all provision to include this conduct does not render the statute's specific reference to "burglary of a dwelling" superfluous. On the contrary, "burglary of a dwelling" provides the paradigmatic example against which we must evaluate whether Wenner's conviction is a crime of violence. Burglary of a fenced area, railway car, or cargo container used as a residence constitutes a crime of violence because it raises precisely the same safety concerns raised by other types of residential burglary. This common sense analogical approach to section 4B1.2(a)(2) is consistent with *Taylor* and tracks our sister circuits' recent holdings. *See Taylor*, 495 U.S. at 599 n. 9, 110 S.Ct. 2143 ("The Government remains free to argue that any offense—including offenses similar to generic burglary—should count toward enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another'...."); *United States v. Sun Bear*, 307 F.3d 747, 753 (8th Cir.2002) (deciding that vehicle theft meets this test).

In sum, *ejusdem generis* confirms the conclusion that Wenner's state law conviction involves conduct that poses a "serious potential risk of physical injury to another." That is, even if Wenner did not technically burglarize a "dwelling" under the majority's ill-conceived definition, he still committed a crime of violence under the catch-all provision. To conclude otherwise is to disregard the catch-all provision's clear purpose and improperly restrict the provision's scope.

## IV.

The majority incorrectly defines "burglary of a dwelling" under the Guidelines and impermissibly neglects section 4B1.2(a)(2)'s catch-all provision. Under both tests, the district court should be affirmed in concluding that Wenner's state-law conviction for residential burglary constitutes a crime of violence. I therefore dissent.