**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Julio DIAZ–VALENZUELA,**
**Defendant—Appellant.**

**No. 03–50116.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2004.*

Decided Feb. 18, 2004.

Matthew L. Olmsted, Steven E. Stone, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

The defendant's first degree residential burglary conviction pursuant to California Penal Code § 459 was a crime of violence under USSG § 2L1.2(b)(1)(A)(ii)(2001). Applying the modified categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the documents before the district court established that Diaz–Valenzuela pled guilty to a crime that contained the *Taylor* elements of generic burglary and the dwelling requirement of USSG § 2L 1.2(b)(1), cmt. n. 1(B)(ii)(II). *See Velasco–Medina*, 305 F.3d 839, 852 (9th Cir.2002).

In addition, the government was not required to prove that the defendant was not convicted of aiding and abetting. Aiding-and-abetting offenses are specifically included as § 2L1.2(b)(1) offenses. USSG § 2L1.2, cmt. n. 4. *Cf. United States v. Wenner*, 351 F.3d 969, 976 (9th Cir.2003). In any case, nothing in the record indicates that the offense was an aiding-and-abetting offense.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.