**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Leroy HUBBARD,
Defendant—Appellant.**

No. 04–10205.

D.C. No. CR–03–00173–LRH/VPC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided Jan. 7, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Ronald C. Rachow, Asst. U.S. Atty., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before KOZINSKI, W. FLETCHER and BYBEE, Circuit Judges.

MEMORANDUM**

To qualify as "burglary of a dwelling" under U.S.S.G. § 4B1.2(a)(2) for purposes of sentence enhancement under *id.* § 2K2.1(a)(4)(A), Hubbard's prior conviction must, as a threshold matter, have been for "burglary" within the meaning of *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Wenner,* 351 F.3d 969, 973 (9th Cir.2003). The Nevada burglary statute under which Hubbard was convicted is broader than burglary under *Taylor,* since the Nevada statute contemplates burglary of, among other things, a "vehi-

cle" or "railroad car," which are not "building[s] or structure[s]" under *Taylor. See Taylor,* 495 U.S. at 599; *Wenner,* 351 F.3d at 972. Therefore, under a formal categorical approach, Hubbard's Nevada burglary conviction could not be used to enhance his sentence.

Under *Taylor*'s modified categorical approach, Hubbard's conviction is likewise inadequate for sentence enhancement. Hubbard was charged with, and pleaded guilty to, burglarizing a "dwelling building," and he referred to burglarizing a "house" in his plea colloquy. Neither of these terms is defined under Nevada law, and we cannot say unequivocally that they are narrower than the defined term "dwelling house." A dwelling house includes "every building . . . which has been usually occupied by a person lodging therein at night," *see* Nev.Rev.Stat. § 193.014, and Nevada law defines "building" to include, among other things, railway cars, *see id.* § 193.0125. Thus, someone who burglarized a dwelling building or house under Nevada law may have burglarized, for instance, a railway car occupied at night, which cannot be the object of a burglary within the meaning of *Taylor* and U.S.S.G. § 4B1.2(a)(2).

**REVERSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.