**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Carlos TORRES, Defendant— Appellant.**

**No. 03–30512.**
**D.C. No. CR–03–06006–FVS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Jan. 11, 2005.

James P. Hagarty, USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Anne Walstrom, FDWAID–Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

The INS unlawfully deported Juan Carlos Torres to Mexico on December 5, 1997. The Government concedes that the deportation was unlawful because an appeal of the deportation order was pending with the Board of Immigration Appeals (BIA). Thereafter, Torres reentered the United States without permission multiple times. He was deported on July 16, 1999 and September 22, 2000, both times through reinstatement of the 1997 deportation order. Some time after the 2000 deportation, Torres reentered the United States again.

In 2003, Torres was charged with reentering the United States after deportation in violation of 8 U.S.C. § 1326. He filed a motion to dismiss on the ground that the underlying deportation proceedings violated due process. The district court denied the motion to dismiss, and Torres entered a conditional guilty plea. The denial of a motion to dismiss a § 1326 indictment is reviewed de novo when, as here, the motion is based on alleged due process violations in the underlying de-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

portation proceeding. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004).

A defendant charged with illegal reentry after deportation may collaterally attack the deportation order. *United States v. Mendoza–Lopez*, 481 U.S. 828, 837–39, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). To sustain a collateral attack, the defendant must show that:

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). "An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Ubaldo–Figueroa*, 364 F.3d at 1048 (internal quotation marks, citation, and alteration omitted).

▇ Torres argues that he was denied the opportunity for judicial review of his initial deportation order because the government unlawfully deported him. We hold, under the circumstances of this case, that the unlawful deportation did not deprive Torres of the opportunity to seek judicial review. He retained a legal right to appeal, notwithstanding the fact that he had been deported. *See Singh v. Waters*, 87 F.3d 346, 349 (9th Cir.1996). After his deportation, his attorney continued with a pending appeal to the BIA. Torres was in contact with his attorney for a period of time after his deportation, but he cut off contact prior to issuance of the BIA decision. By failing to maintain contact with his attorney, and by failing to take the necessary steps to seek judicial review of the BIA decision, Torres forfeited his right to appeal.

Torres also challenges the district court's application of a 16–level sentence enhancement for a previous conviction of a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The crime of violence cited by the district court was Torres's conviction for residential burglary. A district court's conclusion that a prior conviction may be used for purposes of sentencing enhancement is reviewed de novo. *United States v. Gallaher*, 275 F.3d 784, 790 (9th Cir.2001). Torres did not object to the enhancement during sentencing, so the enhancement is reviewed for plain error. *United States v. Randall*, 162 F.3d 557, 561 (9th Cir.1998). Plain error requires: 1) an error; 2) that is plain; and 3) that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

The statute under which Torres was convicted—Wash. Rev.Code 9A.52.025—is not a crime of violence under the categorical approach, as it prohibits both conduct that does and does not qualify as a crime of violence. *See United States v. Wenner*, 351 F.3d 969, 972–73 (9th Cir.2003).

▇ Under the modified categorical approach, "courts may examine the record for documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc) (internal quotation marks and citation omitted). Normally, courts look to records like the charging instrument, jury instructions, plea agreements, and plea transcripts when applying the modified categorical approach. None of those documents is in the district court record. The only document in the record

from which the district court could have concluded that Torres's residential burglary conviction is a crime of violence was the presentence report. In *Corona–Sanchez,* however, the Ninth Circuit held that "a presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition." *Id.* at 1212. Thus, it was plain error for the district court to apply the 16–level sentence enhancement.

Finally, Torres argues that his sentence is unconstitutional in light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We do not reach this argument, as we are vacating Torres's sentence. However, we note that prior convictions are clearly exempt from the *Blakely* rule. 124 S.Ct. at 2536 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

We AFFIRM the district court's denial of the motion to dismiss the indictment. We VACATE Torres's sentence and REMAND for resentencing.

**AFFIRMED** in part; **VACATED** in part; and **REMANDED.**