**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Barry Thomas MCGARVEY,
Defendant—Appellant.**

No. 05–30536.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2006.*

Filed June 22, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carl H. Blackstone, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Ronald D. Ness, Esq., Port Orchard, WA, for Defendant–Appellant.

Before: FERGUSON and CALLAHAN, Circuit Judges, and BOLTON,** District Judge.

### MEMORANDUM ***

Barry Thomas McGarvey appeals his sentence of fifty-one months imprisonment imposed following his guilty plea to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). McGarvey contends that his base offense level, which was used to calculate his advisory Sentencing Guideline range, was improperly determined based on the incorrect classification of his prior residential burglary conviction as a conviction of a crime of violence. We deny McGarvey's claim and affirm the District Court.

A burglary is considered a crime of violence if it includes the elements of generic burglary as defined by the Supreme Court.

---

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

*See Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Generic burglary is defined as containing "at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* We engage in a two-part analysis to determine if a burglary conviction in a particular state satisfies the three elements of this generic definition of burglary, and therefore, qualifies as a crime of violence.

First, we apply the categorical approach to determine if the statutory definition of the crime of which the defendant was convicted matches the generic burglary definition set forth in *Taylor.* *See United States v. Wenner,* 351 F.3d 969, 972 (9th Cir.2003). This Court has previously concluded, *see id.,* and the government concedes, that Washington's residential burglary statute is broader than the generic burglary definition.

■■■■ Next, therefore, we apply the modified categorical approach. *See id.* at 972, 974. Under this approach, we look to certain documents within the record to determine if the underlying facts of the defendant's conviction demonstrate that his crime satisfies the three elements of the generic burglary definition. *See id.* Since McGarvey pled guilty to the residential burglary charge, we may examine statements of the factual basis of the charge, including a charging document, a transcript of the plea colloquy, a written plea agreement presented to the court, or "a record of comparable findings of fact adopted by the defendant upon entering the plea," to determine if the elements of generic burglary are met. *Shepard v. United States,* 544 U.S. 13, 20–21, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Guerrero–Velasquez,* 434 F.3d 1193, 1196–97 (9th Cir.2006) (examining information and signed plea agreement).

McGarvey does not dispute that he had the requisite intent to commit burglary, as required by the generic burglary definition. Rather, he contends that his prior conviction does not contain all of the elements of generic burglary because the government cannot point to facts that demonstrate McGarvey entered a structure or building to commit his crime. This claim fails.

The information that charged McGarvey with residential burglary states that, with the intent to commit a crime within, McGarvey "did enter or remain unlawfully in a dwelling other than a vehicle, located at 310 25th Ave., Longview." Locations identified with common street addresses constitute "buildings" within the definition of generic burglary. *See United States v. Kilgore,* 7 F.3d 854, 856 (9th Cir.1993). The fact that the information uses a common street address to identify the target of McGarvey's burglary suggests that the element of entering a building or structure was fulfilled in McGarvey's case.

However, we may not rely solely on an information or indictment when determining the elements of a conviction. *Wenner,* 351 F.3d at 974. We must also look to at least one other document that confirms the truth of the facts contained within the information. *See Guerrero–Velasquez,* 434 F.3d at 1196–97. "By pleading guilty, [a defendant] admit[s] all of the facts charged in the information." *Id.* By signing his plea agreement, McGarvey admitted that he had targeted the building described in the information. Thus, under the modified categorical approach, McGarvey's conviction for residential burglary fulfills all of the elements of generic burglary and is a conviction of a crime of violence.

■■■ McGarvey attempts to avoid classification of his prior conviction as a crime of violence by arguing that he never "entered" the building he was accused of bur-

glarizing. Rather, he admitted only to knowing that other people planned to break into the home and to intending to help sell any property they acquired. Being an accomplice to a burglary, however, is also considered a crime of violence. *See* U.S.S.G. § 4B1.2 cmt. n. 1 (defining the terms "crime of violence" and "controlled substance offense" to "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses"). Thus, if McGarvey's accomplices committed a crime of violence by entering a building with the intent to commit an illegal act, then McGarvey is also considered to have committed that crime of violence.

For these reasons, the District Court did not err by finding that McGarvey's residential burglary conviction was a conviction of a crime of violence, and calculating McGarvey's base offense level accordingly.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.