**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS CARLOS CASTRO-GOMEZ,

    Defendant - Appellant.

No. 14-2052

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:13-CR-03282-PMD-1)**
_____

Leon Schydlower, El Paso, Texas, for Defendant-Appellant.

James R.W. Braun, Assistant United States Attorney (Damon P. Martinez, United States Attorney, with him on the brief), for Plaintiff-Appellee.
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

**MORITZ**, Circuit Judge.
_____

Luis Carlos Castro-Gomez appeals the district court's finding that his prior Illinois conviction for attempted murder is a crime of violence triggering a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G."). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

After Castro-Gomez pled guilty to one count of illegal entry by a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b), he objected to the Presentence Report's classification of his prior Illinois conviction for attempted murder as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Castro-Gomez contended Illinois' statutory definition of murder—which encompasses killing an individual with merely the intent to do great bodily harm—is broader than its generic counterpart. The generic definition of murder requires a killer's conduct to at least evince a "reckless and depraved indifference to serious dangers posed to human life." *United States v. Marrero*, 743 F.3d 389, 401 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 950 (2015).

The district court overruled Castro-Gomez's objection. It found Illinois' definition of murder corresponds with the uniform generic definition of the offense, triggering a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court sentenced Castro-Gomez to 35 months in prison, and Castro-Gomez appealed.

In their opening briefs, the parties focused on Castro-Gomez's argument that Illinois' definition of murder is broader than the uniform generic definition of the offense. But neither party addressed the more germane question of whether Illinois' definition of attempted murder—Castro-Gomez's actual prior crime—is broader than its generic counterpart. Thus, we ordered supplemental briefing on that issue. The parties complied, and we address their arguments below.

In determining whether Castro-Gomez's prior conviction for attempted murder under 720 Ill. Comp. Stat. Ann. § 5/8-4(a) (West 2015) and 720 Ill. Comp. Stat. Ann. § 5/9-1(a)(1) (West 2015) constitutes a crime of violence for purposes of U.S.S.G.

2

§ 2L1.2(b)(1)(A)(ii), we exercise unlimited review.[1] *See United States v. Reyes-Alfonso*, 653 F.3d 1137, 1141 (10th Cir. 2011).

A prior conviction for a crime of violence triggers a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Additionally, "[p]rior convictions of offenses counted under subsection (b)(1)," *e.g.*, prior convictions for crimes of violence, "include the offenses of . . . attempting . . . to commit such offenses." U.S.S.G. § 2L1.2, cmt. 5.

Murder is an enumerated crime of violence under the commentary to U.S.S.G. § 2L1.2. *See* U.S.S.G. § 2L1.2, cmt. 1(B)(iii). But its status as an enumerated crime of violence does not necessarily mean a state conviction for murder warrants the 16-level enhancement. Instead, a state murder conviction categorically qualifies as a crime of violence only if the state's definition of murder corresponds with the uniform generic definition of the crime. *See United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009).

Relying on this general test for determining whether a particular crime constitutes a crime of violence, Castro-Gomez presents a two-pronged argument. First, he contends murder is not a crime of violence under Illinois law because 720 Ill. Comp. Stat. Ann. § 5/9-1(a)(1) (West 2015) requires only the intent to do great bodily harm, while the generic definition of murder more specifically requires at least reckless and depraved indifference to serious dangers posed to human life. *See Marrero*, 743 F.3d at 401

---

[1] According to the Presentence Report, Castro-Gomez committed the crime of attempted murder on or about August 28, 1999. The current versions of 720 Ill. Comp. Stat. § 5/8-4(a) and 720 Ill. Comp. Stat. § 5/9-1(a)(1) are substantively identical to the versions in effect at the time of the offense.

(providing generic definition of murder). And if murder is not a crime of violence under Illinois law, Castro-Gomez reasons, then his Illinois conviction for *attempted* murder also cannot constitute a crime of violence. As he puts it, "[F]or purposes of the Sentencing Guidelines, if the substantive offense is not a crime of violence, neither is an attempt to commit the substantive offense." Aplt. Supp. Br. at 2.

The government disagrees. It maintains that Illinois' statutory definition of murder corresponds with the generic definition of the offense. But in its supplemental brief, the government advances an alternative route to affirming the district court's classification of Castro-Gomez's crime. Even if Illinois' statutory definition of murder is broader than the generic definition of the offense, the government argues, Illinois' statutory definition of *attempted murder*—Castro-Gomez's actual crime of conviction—corresponds with its uniform generic counterpart. Thus, the government asserts, we may affirm Castro-Gomez's sentence even if the district court erred in finding Illinois' definition of murder substantially corresponds with the uniform generic definition of murder. *See United States v. Pursley*, 577 F.3d 1204, 1224 (10th Cir. 2009) (explaining we may affirm on grounds other than those relied upon by district court, especially when parties had opportunity to address those grounds on appeal).

The government's alternative argument presents us with a question of first impression in this circuit: assuming a state's statutory definition of an enumerated crime of violence is broader than its uniform generic counterpart, may a state conviction for an *attempt* to commit that crime nevertheless constitute a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)?

4

The Ninth Circuit considered this very question under nearly identical circumstances in *United States v. Gomez-Hernandez*, 680 F.3d 1171 (9th Cir. 2012). At issue there was the defendant's Arizona conviction for attempted aggravated assault. While Arizona's definition of aggravated assault includes acts done with ordinary recklessness, its generic counterpart requires at least recklessness demonstrating extreme indifference to the value of human life. Seizing on the state's broader intent requirement, as Castro-Gomez does here, the defendant in *Gomez-Hernandez* argued his Arizona conviction for attempted aggravated assault could not trigger an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because an Arizona conviction for the *completed* offense of aggravated assault does not constitute a crime of violence. *Id.* at 1172.

The Ninth Circuit disagreed, refusing to myopically focus on the elements of the underlying substantive offense. Instead, the court viewed Arizona's definition of attempt—which requires an offender to act intentionally—in tandem with the state's definition of aggravated assault. This holistic approach produced a definition of attempted aggravated assault that applies only to intentional conduct, dispelling any possibility the defendant's Arizona conviction might have been premised on ordinary recklessness. *Id.* at 1175-77.

We find the Ninth Circuit's reasoning both persuasive and directly applicable here. Illinois' definition of attempt, like Arizona's, requires the specific intent to commit a substantive offense. *See* 720 Ill. Comp. Stat. Ann. § 5/8-4(a) (West 2015) (explaining "[a] person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that

5

offense"). Read in tandem with 720 Ill. Comp. Stat. Ann. § 5/9-1(a)(1) (West 2015), which defines murder as killing an individual with the intent to kill or do great bodily harm or with the knowledge one's actions will cause death, the resulting statutory definition of attempted murder requires the intent to kill.[2]

Rather than confronting the Ninth Circuit's approach in *Gomez-Hernandez*, Castro-Gomez directs us to a passage from the Ninth Circuit's earlier opinion in *United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003):

> Under the Guidelines, an attempt to commit a crime of violence is itself a crime of violence. U.S.S.G. § 4B1.2, cmt. 1. Because, as we have concluded above, Washington residential burglary is not a crime of violence, [the defendant's] state conviction for attempted residential burglary also is not a crime of violence under the Guidelines.

*Id.* at 976. Castro-Gomez suggests this language establishes a bright-line rule for determining whether an attempt to commit a state offense constitutes a crime of violence. He's mistaken.

In *Wenner*, the Ninth Circuit reasoned Washington's definition of residential burglary applies to certain places and areas, such as fenced enclosures and cargo containers, to which the court said the generic definition of burglary of a dwelling does not apply. In light of this perceived overbreadth, the court determined the defendant's

---

[2] Indeed, Castro-Gomez concedes intent to kill is an element of attempted murder under Illinois case law. Aplt. Supp. Br. at 1. But he argues this intent element is not apparent from the language of Illinois' statutes. And he maintains we may not look to Illinois case law to discern it. Because we conclude specific intent to kill is an element of attempted murder under the statutory language of 720 Ill. Comp. Stat. Ann. § 5/8-4(a) (West 2015) and 720 Ill. Comp. Stat. Ann. § 5/9-1(a)(1) (West 2015), we find it unnecessary to consider either Illinois case law or Castro-Gomez's claim that such case law is beyond our purview.

Washington conviction for residential burglary did not constitute a crime of violence under U.S.S.G. § 4B1.1 and U.S.S.G. § 4B1.2(a)(2). *Id.* at 972-73. And because the defendant's Washington conviction for residential burglary was not a crime of violence, the court deduced, neither was his Washington conviction for attempted residential burglary. *Id.* at 976.

But *Wenner* doesn't address—let alone answer—the question we are faced with here: whether a state's statutory definition of attempt can cure a substantive offense's overbroad intent requirement for purposes of determining whether an attempt to commit that offense constitutes a crime of violence.

*Wenner* didn't address this question because it didn't have to. The result in *Wenner* turned on what the court identified as an overbroad *conduct* requirement, not an overbroad *intent* requirement. *See Gomez-Hernandez*, 680 F.3d at 1177 n.6 (distinguishing between overbroad conduct requirements, which can't be cured by looking to state's definition of attempt, and overbroad intent requirements, which can). In other words, even if Washington's definition of attempt requires the specific intent to commit an offense, a specific intent requirement would not restrict the places and areas to which Washington's definition of attempted residential burglary applies. Thus, it would not cure the overbreadth the Ninth Circuit found fatal in *Wenner*.

The same cannot be said if applying the language of a state's attempt statute cures the overbroad intent requirement of which a defendant complains, as it did in *Gomez-Hernandez* and as it does here. Even if we assume Illinois' statutory definition of murder is broader than the generic definition of murder, any dissonance between the two

7

definitions arises from their intent requirements, not from the conduct they cover. And that dissonance disappears in light of Illinois' statutory definition of attempt.

The Ninth Circuit's decision in *Wenner* does not conflict with that court's decision in *Gomez-Hernandez*. Nor does it undermine *Gomez-Hernandez*'s rationale, which we find persuasive. We therefore reject Castro-Gomez's assertion that an attempt to commit a state crime is only a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) if the state's definition of the completed offense substantially corresponds with the uniform generic definition of that crime. Instead, we conclude the appropriate inquiry requires a court to ask whether the elements of a defendant's actual crime of conviction—here, attempted murder—correspond with the elements of its generic counterpart.

Under that test, Castro-Gomez has shown no error in the district court's application of § 2L1.2(b)(1)(A)(ii). Castro-Gomez's sole complaint rests on his allegation that Illinois' definition of murder requires only the intent to do great bodily harm, while the generic definition of murder requires more. But read together, 720 Ill. Comp. Stat. Ann. § 5/8-4(a) (West 2015) and 720 Ill. Comp. Stat. Ann. § 5/9-1(a)(1) (West 2015) make intent to kill—which is a more culpable state of mind than intent to do great bodily harm or even reckless and depraved indifference—an element of Illinois' definition of attempted murder. Because reading the statutes in tandem to determine the elements of Castro-Gomez's actual crime of conviction cures the only overbreadth of which Castro-Gomez complains, we reject his challenge and affirm his sentence.

8