FILED
United States Court of Appeals
Tenth Circuit

November 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICHARD DALE HENRY,

     Defendant - Appellant.

No. 17-7028
(D.C. No. 6:16-CR-00071-JHP-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

     Richard Henry appeals following his conviction for being a felon in possession

of a firearm. His counsel moves to withdraw in a brief filed pursuant to Anders v.

California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we

grant counsel's motion to withdraw and dismiss the appeal.

**I**

     A jury found Henry guilty of being a felon in possession of a firearm. His

Presentence Investigation Report ("PSR") recommended a base offense level of 22

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because Henry's offense involved a semiautomatic weapon that could be used with a high-capacity magazine and Henry had previously been convicted of second-degree murder, a crime of violence. The PSR also recommended a criminal history category of III, based on the murder conviction and a possession of marijuana offense. Henry also had prior convictions for first-degree murder, burglary, and theft, which were too old to be counted in his criminal history score.

Henry's trial counsel objected to the 1994 second-degree murder conviction being characterized as a crime of violence, but the district court overruled the objection. The government requested an upward variance or departure, arguing that Henry's older convictions demonstrated that he posed a danger to the community and that their exclusion from the criminal history score meant that the score did not adequately reflect this danger. Although the district court declined to vary, it departed upward from a criminal history category of III to a criminal history category of V, resulting in an advisory range of 77 to 96 months. The court sentenced Henry to 96 months' imprisonment. Henry timely appealed.

## II

An attorney who determines that an appeal would be wholly frivolous after conscientiously examining the case may advise the court of this conclusion and request permission to withdraw. Anders, 386 U.S. at 744. The attorney must file a brief noting any potentially appealable issues and provide the brief to the defendant, who may then submit a pro se brief. Id. If the court determines that any appeal

would be frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal.  Id.

Defense counsel's Anders brief notes three potentially appealable issues: (1) whether the evidence presented at trial was sufficient to support Henry's conviction; (2) whether the sentence was reasonable; and (3) whether Kansas second-degree murder qualifies as a crime of violence.  We conclude that argument on any of these issues would be frivolous.

To convict Henry of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the government had to prove that he is a convicted felon who knowingly possessed a firearm, and that the firearm moved in interstate commerce. United States v. Morales, 758 F.3d 1232, 1235 (10th Cir. 2014).  Henry stipulated that he was a convicted felon and that the gun at issue had moved in interstate commerce.  Additionally, a pawn shop owner testified that Henry sold him a firearm. This evidence was sufficient to support the conviction.

We also conclude that Henry's sentence was both procedurally and substantively reasonable.  The district court permissibly increased Henry's criminal history category by two levels based on an underrepresented criminal history.  See United States v. Pettigrew, 468 F.3d 626, 641 (10th Cir. 2006) (affirming upward departure under similar circumstances); U.S.S.G. § 4A1.3(a)(1) (allowing for upward departure for substantially underrepresented criminal history).  Henry's sentence of 96 months was also a valid exercise of the district court's discretion.  See United

3

States v. DeRusse, 859 F.3d 1232, 1236 (10th Cir. 2017) (noting deferential substantive reasonableness review).

Finally, Henry's Kansas second-degree murder conviction clearly qualifies as a crime of violence. Under the enumerated offense clause of U.S.S.G. § 4B1.2, murder is a crime of violence. Id. And Kansas second-degree murder corresponds with the generic definition of murder. See United States v. Castro-Gomez, 792 F.3d 1216, 1217 (10th Cir. 2015) (generic murder requires "at least reckless and depraved indifference to serious dangers posed to human life"); Kan. Stat. § 21-3402 (1993).

Henry also filed a pro se brief advancing several arguments. He challenges the factual bases of his prior convictions; contends that a prior charge noted in the PSR, but immaterial to the sentence calculation lacked a factual basis; argues that he had not endangered society after being released from prison most recently; and claims that he immediately sold the firearm at issue in this case after inheriting it. None of these arguments, however, constitute a ground for reversal. In the course of federal sentencing proceedings, a defendant may not collaterally attack prior convictions unless they were obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485 (1994). The district court did not clearly err in concluding that Henry was a danger to the community. And Henry's arguments about the reasons for his possession of the firearm do not undermine the conclusion that he knowingly possessed it.

4

## III

Because we are not presented with any meritorious grounds for appeal, we

**GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge