# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2023

Lyle W. Cayce
Clerk

_____

No. 21-50869

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernesto Ordunez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-129-1

_____

Before Ho, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ernesto Ordunez was indicted in July of 2020 for one count of conspiracy to possess with intent to distribute five or more grams of methamphetamine. At sentencing, the district court determined that Ordunez qualified as a career offender under U.S.S.G. § 4B1.1. Ordunez now challenges that determination, pointing to three prior convictions: (1) a 1998 federal conviction for possession of marijuana with intent to distribute in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-50869

violation of 21 U.S.C. § 841; (2) a 2008 conviction in state court of attempted child abuse resulting in great bodily harm in violation of New Mexico Statutes § 30-6-1(D); and (3) a 2008 conviction in state court for three counts of aggravated assault with a deadly weapon in violation of New Mexico Statutes § 30-3-2(A). He argues that none of these prior convictions qualify as crimes of violence or controlled substance offenses for purposes of § 4B1.1. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. For the reasons provided herein, we AFFIRM the district court's application of the career offender enhancement.

## I. STANDARD OF REVIEW

Though the parties dispute the applicable standard of review, plain error applies throughout. Ordunez failed to object to the district court's categorization of his 1998 marijuana conviction as a controlled substance offense, instead arguing it was too old to qualify for an enhancement. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018) ("[W]e subject to plain-error review arguments that are raised for the first time on appeal.").

Regarding the two remaining qualifying offenses — aggravated assault with a deadly weapon and attempted child abuse resulting in great bodily harm — Ordunez argues this court should apply *de novo* review. In his written objections to the PSR, he stated in full that he "objects to the classification of the felonies in paragraph 19(B) [attempted child abuse] and 19(C) [aggravated assault]" because "these felonies should not be classified as violent felonies."

"To preserve an issue for appeal, the objection below 'must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the issue.'" *Huerra*, 884 F.3d at 519 (quoting *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995)). "There is no bright-line rule for determining whether a matter was raised below."

2

No. 21-50869

*United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017) (cleaned up). "If a party wishes to preserve an argument for appeal, the party must press and not merely intimate the arguments during the proceedings before the district court." *Id.* (cleaned up). The objection must be "sufficiently specific to alert the district court to the nature of the alleged error and provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

Although Ordunez objected to the characterization of his remaining qualifying offenses as crimes of violence, he provided no reasons for this objection. The probation officer responded to Ordunez's objection by stating that he "did not provide any reasons as to why the convictions should not be considered crimes of violence." At sentencing, Ordunez's counsel appeared to argue that the objection related to whether the underlying offenses were aggravated, but that they were unable to obtain the documents to make their argument.[1]  The district court stated that it agreed with the probation officer's response and overruled Ordunez's objections.

Because the objection was not sufficiently clear to alert the district court to the alleged error, this court reviews for plain error. To demonstrate plain error, a defendant has the burden of showing (1) an error, (2) that is clear or obvious, and (3) that affects the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If satisfied, this court has the discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

---

[1] Ordunez's counsel indicated that "[t]he second objection I made was basically that how his felonies were classified, it makes him a career offender." However, his counsel indicated he could not "go forward with objections saying that I found anything that says it's not aggravated … So I would like to at least leave my objection in place in case something happens later on."

No. 21-50869

## II. DISCUSSION

The career offender enhancement is applied when "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). Because the district court found that Ordunez had committed three such offenses, he must show that two of the three prior convictions were not either controlled substance offenses or crimes of violence to demonstrate that the career offender enhancement was improperly applied. *See id.*

The term "controlled substance offense" is defined, in relevant part, as "an offense under federal … law, punishable by imprisonment for a term exceeding one year, that prohibits … the possession of a controlled substance (or a counterfeit substance) with intent to … distribute[.]" U.S.S.G. § 4B1.2(b). A crime of violence is a crime punishable by more than a year under federal or state law that has as an element the use, attempted use, or threatened use of physical force against the person of another ("elements clause") or is otherwise included in an enumerated category. U.S.S.G. § 4B1.2(a).

To determine whether a prior conviction constitutes such an offense, this court uses the categorical approach, "look[ing] only to the elements of the prior offense, not to the actual conduct of the defendant in committing the offense." *United States v. Hinkle*, 832 F.3d 569, 572 (5th Cir. 2016). Under the categorical approach, courts "must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (cleaned up). Further, the defendant "must also show a realistic probability that [the Government] will prosecute the conduct that falls outside the generic definition of a crime." *Alexis v. Barr*, 960 F.3d 722, 726 (5th Cir. 2020) (cleaned up).

4

No. 21-50869

## A. 1998 Federal Marijuana Conviction

Ordunez argues that his marijuana conviction should no longer be considered a controlled substance offense because the federal definition of "marihuana" was modified in 2018 to exclude hemp.  When Ordunez was convicted of the crime, 21 U.S.C. § 802 defined "marihuana" to mean "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant, its seeds or resin." § 802(16) (effective Oct. 11, 1996).  In 2018, the statute was amended to exclude hemp from the definition of "marihuana." § 802(16)(B)(i) (effective Dec. 21, 2018).

This court has never held that a pre-2018 predicate conviction does not qualify as a controlled substance offense for purposes of the Sentencing Guidelines because hemp was subsequently removed from the CSA prior to the time of federal sentencing.  *See, e.g., United States v. Rodriguez*, No. 21-50680, 2022 WL 1615333 (5th Cir. May 23, 2022); *United States v. Belducea-Mancinas*, No. 20-50929, 2022 WL 1223800 (5th Cir. Apr. 26, 2022); *United States v. Nava*, No. 21-50165, 2021 WL 5095976 (5th Cir.  Nov. 2, 2021).  "An error is not plain unless the error is clear under current law."  *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010).  Because this question remains an open one in this circuit, Ordunez cannot show the district court committed plain error.

## B. 2008 New Mexico Attempted Child Abuse Conviction

Ordunez raises two arguments to suggest his attempted child abuse conviction should not count as a crime of violence: (1) it does "not have as an element the purposeful or knowing use, attempted use, or threatened use of force against the person of another," and (2) a defendant could be convicted of New Mexico child abuse with a mens rea of recklessness.  He

5

pleaded guilty to "Attempt to Commit a Felony, to wit: Child Abuse – Intentional (Resulting in Great Bodily Harm)" on March 13, 2008.

Regarding his force argument, Ordunez contends that the recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), in which the Supreme Court held that attempted Hobbs Act robbery did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3) because a conviction under that statute does not "require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property[,]" 142 S.Ct. at 2020, applies to his conviction for New Mexico attempted child abuse. In *Taylor*, the Supreme Court reasoned that "*attempted* Hobbs Act robbery [requires] two things: (1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." 142 S. Ct. at 2020 (emphasis in original). The *Taylor* court cited *United States v. Resendiz-Ponce*, 549 U.S. 102, 106 (2007), for the proposition that an attempt crime requires a "substantial step" towards completion. *Id*. Likewise, New Mexico law "requires the accused to take a substantial step" for attempt crimes. *State v. Telles*, 446 P.3d 1194, 1204 (N.M. 2019) (attempted tampering with evidence).

The Supreme Court explained that a defendant could, hypothetically, take a substantial step towards completing a Hobbs Act robbery without using, attempting to use, or threatening to use force. *Taylor*, 142 S. Ct. at 2021. Ordunez argues that *Taylor* applies here. He argues that, by using the same logic, a defendant could plan to commit child abuse and buy weapons intended for that abuse but be arrested as he walks back into his house before the actual abuse occurs. Further, this court has stated, in an unpublished opinion, that the New Mexico child abuse statute can be violated without the use of force, as "a child could be cruelly confined without the use of force against the child. Without using any force, a child could be kept locked in a room without access to food or water." *United States v. Torres-Reyes*, 444 F.

App'x. 828, 828 (5th Cir. 2011) (holding that the defendant's previous child abuse conviction did not qualify as a crime of violence under § 2L1.2(b)(1)).

The reasoning in *Torres-Reyes*, however, relied upon this court's ruling in *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004), which analyzed an analogous Texas statute. 444 F. App'x. 828. *Calderon-Pena*, in turn, was overruled by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc). *Reyes-Contreras* specifically overruled *Calderon-Pena*'s requirement of bodily contact for a crime of violence, holding that physical force extends to applications of force that are subtle or indirect. *Id.* ("*Calderon-Pena* is overruled to the extent that it requires bodily contact for a COV and makes a distinction between creating a risk of injury and using or attempting to use physical force."). *Reyes-Contreras* was then abrogated in part by *Borden v. United States*, 141 S. Ct. 1817 (2021). *See United States v. Lopez-Garcia*, No. 21-51018, 2022 WL 2527667, at *1 (5th Cir. July 7, 2022) (unpublished). It is accordingly unclear if the reasoning is still applicable. Because the current state of the law is neither clear nor obvious, this argument fails to satisfy the plain error standard.

As to his *mens rea* argument, this circuit has not ruled on the specific New Mexico statute at issue, but it does recognize that attempt crimes require specific intent. *See, e.g., United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). Further, numerous other circuits have held that attempt crimes require specific intent even though the underlying crime could be committed recklessly. *See, e.g., United States v. Harris*, 941 F.3d 1048, 1054 (11th Cir. 2019) (holding that "under Alabama law, attempt requires the specific intent to commit an offense and one cannot intend to commit a reckless offense"); *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012) (holding that "it is well-settled that attempted aggravated assault under Arizona law covers only intentional conduct"); *United States v. Castro-Gomez*, 792 F.3d 1216, 1218 (10th Cir. 2015) (holding that "Illinois' definition of attempt … requires the specific intent to commit a substantive offense."). Likewise, the Court of Appeals of New Mexico has held, in a case

involving attempted child abuse, "that the crime of attempt to commit a felony requires a specific intent to commit the underlying felony." *State v. Herrera*, 33 P.3d 22, 27 (N.M. 2001); *see also* N.M. Stat. Ann. § 30-28-1. Because Ordunez's attempted child abuse conviction requires specific intent, this argument likewise fails to satisfy plain error review.[2]

### III. CONCLUSION

Accordingly, the district court's application of the career offender enhancement is AFFIRMED.

---

[2] Because we find that the marijuana and attempted child abuse convictions are qualifying offenses for the career offender enhancement, this court need not address whether the 2008 New Mexico aggravated assault conviction applies. With two qualifying career-offender predicates, the enhancement would apply regardless, and any third offense — qualifying or otherwise — affected neither his guidelines range nor sentence.